**E-Filed 2/25/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>           Defendants. | Case Number C 07-5740 JF (RS)<br><br>ORDER[1] RESPONDING TO PLAINTIFF'S FEBRUARY 18, 2009, LETTER RE: COSTS |

On September 29, 2009, the Court granted Defendants' motion for summary judgment. On October 22, 2009, the Clerk of the Court taxed costs in the amount of $1,029.90. On February 18, 2010, Plaintiff filed a letter stating her belief that the Defendants have no basis upon which to tax costs against her and seeking guidance from the Court.

Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a "presumption for awarding costs to prevailing parties" and thus requires the losing party to show why costs should not be awarded. *Save Our Valley v.*

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-5740 JF (RS)
ORDER RESPONDING TO PLAINTIFF'S FEBRUARY 18, 2009, LETTER RE: COSTS
(JFLC3)

*Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The Court must give specific reasons if it refuses to tax costs to the losing party. *See id.* at 945. However, the Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.*

The Court may consider a variety of factors in deciding whether to award costs, including whether the losing party has limited financial resources, *see Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (stating that indigency is a factor district courts may properly consider when deciding whether to award costs), whether an award of costs would "chill" future civil rights litigation, *see Save Our Valley*, 335 F.3d at 946 (holding that imposition of the "relatively small sum" of $5,310.55 would not result in injustice where a community group lost its race-based civil rights claim against a government agency), and whether the prevailing party has engaged in misconduct such that costs should not be awarded, *see Ass'n of Mexican-American Educators*, 231 F.3d at 592. However, "[n]oble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs." *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (holding that the district court abused its discretion when it "refused to award costs on the ground that Plaintiffs brought their case in good faith and with meritorious intentions when in fact they brought a case so devoid of merit that they were twice rejected by the district court on summary judgment").

Civil Local Rule 54-2 provides the following guidance for objecting to a bill of costs:

> (a) **Time for Filing Objections.** Within 14 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection.
>
> (b) **Meet and Confer Requirement.** Any objections filed under this Local Rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference.

Civ. Local R. 54-2.

Although the time period allowed for objections has long passed, the Court recognizes that Plaintiff began this action acting *pro se* and, in the interests of justice, the Court will allow

2

1 | Plaintiff to file any objections to an award of costs on or before March 5, 2010. Defendants may
2 | file a response on or before March 12, 2010.

IT IS SO ORDERED.

DATED: 2/25/10

_____
JEREMY FOGEL
United States District Judge